```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 10-22899-Civ-Middlebrooks
                                      (06-80085-Cr-Middlebrooks)
                              MAGISTRATE JUDGE P. A. WHITE
```

DERRICK CRUICHSHANK,            :

    Movant,                     :

v.                              :       <u>REPORT OF</u>
                                              <u>MAGISTRATE JUDGE</u>

UNITED STATES OF AMERICA,       :

    Respondent.                 :
_____

## Introduction

This motion to vacate pursuant to 28 U.S.C. §2255 was filed by the movant on August 5, 2010.[1] The judgment of conviction in the underlying criminal case, No. 06-80085-Cr-Middlebrooks, became final at the latest on September 29, 2006, ten days after entry of the judgment,[2] when the time expired for filing a notice of appeal therefrom.[3]

---

[1] A <u>pro se</u> prisoner's motion to vacate sentence or petition for writ of habeas corpus is deemed to be filed on the date that it was signed, executed, and delivered to prison officials, for purposes of AEDPA's one-year limitations period. <u>Adams v. United States</u>, 173 F.3d 1339 (11th Cir. 1999).

[2] The judgment was entered by the Clerk on September 15, 2006. (Cr-DE#33).

[3] Where, as here, a defendant does not pursue a direct appeal, the conviction becomes final when the time for filing a direct appeal expires. <u>Adams v. United States</u>, 173 F.3d 1339, 1342 n.2 (11thCir. 1999). The time for filing a direct appeal expires ten days after the judgment or order being appealed is entered. <u>Fed.R.App.P.</u> 4(b)(1)(A)(i). The judgment is "entered" when it is entered on the docket by the Clerk of Court. <u>Fed.R.App.P.</u> 4(b)(6). On December 1, 2002, <u>Fed.R.App.P.</u> 26 which contains the rules on computing and extending time, was amended so that intermediate weekends and holidays are excluded from the time computation for all pleadings due in less than 11 days. Although in 2009 the time for filing a direct appeal was increased from 10 to 14 days after the judgment is entered, it now includes counting intermediate Saturdays, Sundays, and legal holidays in the computation, See <u>Fed.R.App.P.</u> 4. The 2009 amendment does not apply here, as movant's conviction was entered back in 2006.

Verification

As an initial matter, the government suggests that the court should summarily dismiss the movant's petition because he failed to sign it under penalty of perjury. A §2255 motion must be signed under penalty of perjury and state the facts supporting each claim. R. Governing § 2255 Proceedings 2. See United States v. Jackson, 2009 WL 366433, 2 (W.D.Va., 2009).

The movant failed to provide a signed verification form following the court's order cautioning him that failure to do so would result in dismissal thereof. (CV-DE#5). Therefore, the motion should be summarily dismissed. See Shaw v. United States, 2006 WL 1041790, 4 (W.D.N.C., 2006); citing United States v. LaBonte, 70 F.3d 1396, 1413 (1st Cir. 1995), overruled on other grounds 520 U.S. 751, 117 S.Ct. 1673, 137 L.Ed. 2d 1001 (1997); Barrett v. United States, 965 F.2d 1184, 1995 (1st Cir. 1992); Dominguez v. United States, 2005 WL 1949606 (S.D.TX. 2005)(Petitioner did not sign the motion under oath and did not provide an affidavit swearing that the allegations of the motion were true. Thus, the motion could be summarily dismissed.). Accordingly, this motion should be dismissed. Notwithstanding, because this petition is time-barred, the timeliness thereof is addressed infra.

Timeliness

It is apparent from the record before this Court that when using the judgment date referenced above to determine when the movant's conviction became final, this federal petition is untimely, warranting dismissal. See Burton v. Stewart, 549 U.S.

2

____, 127 S.Ct. 793 2007);[4] Ferreira v. Secretary, Dept. of Corrections, 484 F.3d 1286 (11th Cir. 2007)(holding that AEDPA's statute of limitations begins to run from the date both the conviction and the sentence the petitioner is serving at the time he files his application become final because the judgment is based on the conviction and the sentence.); accord, Stevens v. Secretary, Dept. of Corrections, 2007 WL 4557190 (M.D. Fla. 2007).

At the latest, the movant was required to file this motion to vacate within one year from the time the judgment became final, or no later than September 29, 2007. See Griffith v. Kentucky, 479 U.S. 314, 321, n.6 (1986). This motion to vacate was filed by the movant on August 5, 2010, almost three years after his conviction became final. (Cv-DE#1). It is not timely.

Pursuant to 28 U.S.C. §2255, as amended April 24, 1996, a one year period of limitations applies to a motion under the section. The one year period runs from the latest of:

> (1)   The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (2)   The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed,

---

[4] In Burton, a §2254 petition had been filed challenging the petitioner's 1994 conviction, then later (after exhausting remedies following resentencing) the petitioner filed a petition challenging his 1998 resentencing. Burton, 127 S.Ct. at 795-796. The Court held that the sentence is the judgment, and that the limitations period does not begin until both the conviction and sentence become final by the conclusion of direct review or the expiration of the time for seeking such review. Id. 798-99.

>    if the movant is prevented from filing by such governmental action;
>
> (3) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) The date on which the facts supporting the claim or claims could have been discovered through the exercise of due diligence.

See 28 U.S.C. §2255(f).

Here, it is undisputed that the instant motion was not filed within one year from the date in which the judgment of conviction became final. Nor does the movant allege any impediment to making the motion created by governmental action warranting application of subsection (f)(2).

With regard to whether his motion is timely under subsection (f)(4), a §2255 motion based on counsel's failure to file a requested direct appeal is considered timely if the movant files within one year of discovering, through the exercise of due diligence, that counsel did not file the requested appeal. See, Aron v. United States, 291 F.3d 708 (11th Cir. 2002); Anjulo-Lopez v. United States, 541 F.3d 814 (6th Cir. 2008); Wims v. United States, 225 F.3d 186 (2d Cir. 2000).

The movant did not file his §2255 motion until August 5, 2010.

The procedural history of the underlying criminal case reveals that the movant's judgment of conviction was entered by the Clerk on September 15, 2006. No appeal therefrom was filed. It became final for purposes of the federal limitations period on September 29, 2006, when time for filing an appeal expired.

Two months elapsed, when the movant first wrote counsel a letter inquiring as to the status of his appeal on November 6, 2006. (Cv-DE#1:9). Thereafter, the movant wrote counsel a second letter, on August 3, 2007, nine months after the first letter was allegedly sent, wherein he asserts his girlfriend had attempted to contact counsel as well. (Id.:10). Finally, on March 2, 2008, seven months following the second letter, the movant once again wrote counsel inquiring as to the status of his appeal and whether he was still represented by counsel. (Id.:11).

Notwithstanding, the movant fails to explain how many times he attempted to contact counsel, nor does he provide any prison phone logs that he attempted to call his attorney or an affidavit or other indicia of evidence that his girlfriend, did in fact, attempt to contact counsel. He also does not indicate what efforts he made or had anyone make on his behalf during this period to ascertain the status of his appeal. Rather, he generally claims his efforts to reach counsel proved fruitless. Review of the entire record provided here reflects that the movant's conclusory allegations are bereft of any objective evidence. Most telling is the fact that movant does not provide any phone or inmate legal mail logs to confirm what attempts, if any, he did in fact make to reach counsel during this period. The court finds the movant has not demonstrated that he acted diligently during this time, sufficient to warrant equitable tolling of the limitations period. Thus, the motion filed

here is untimely.

Even if we assume, without deciding, that by time his third letter was written in March 2008, that no direct appeal was filed and the court were to grant equitable tolling through and including March 2008, almost one year and half after his judgment became final, the instant motion would still be time barred since he could have filed a §2255 motion within a year thereof but failed to do so.

In exercising due diligence, a movant is not required to use "the maximum feasible diligence, but only 'due,' or reasonable, diligence." Aron. 291 F.3d at 712. The due diligence inquiry is "an individualized one that 'must take into account the conditions of confinement and the reality of the prison system.'" Id. (citations omitted). "Due diligence does not require a prisoner to undertake repeated exercises in futility or to exhaust every imaginable option." Id. But it does at least require that the prisoner make some *reasonable* efforts to discover the facts underlying his claim. Id.

In this regard, the movant must allege reasonably specific, non-conclusory facts that, if true, would entitle him to relief. Id. at 715, n.6; see, also, Anjulo-Lopez, 541 F.3d at 818-19. Otherwise, no evidentiary hearing is warranted. Aron, 291 F.3d at 714-715; Anjulo-Lopez, 541 F.3d at 817-18. A hearing is not required on claims which are based upon unsupported generalizations or affirmatively contradicted by the record. See, Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989), citing, Guerra v. United States, 588 F.2d 519, 520-21 (5th Cir. 1979). Moreover, a

6

court need not conduct an evidentiary hearing where the issues can be conclusively decided on the basis of the evidence in the record, and where the petitioner's version of the facts have already been accepted as true.  See Schultz v. Wainwright, 701 F.2d 900, 901 Turner v. Crosby, 339 F.3d 1247, 1274-75 (11th Cir. 2003).  As such, the issue of whether a duly diligent prisoner could have discovered that his counsel failed to file a direct appeal more than one year prior to filing a motion to vacate under §2255 can, in appropriate cases, be resolved on the basis of the record without an evidentiary hearing.  Compare, Aron, 291 F.3d at 714-15; Anjulo-Lopez, 541 F.3d at 818-19.

Here, a comparison of Aron and Anjulo-Lopez leads to the conclusion that, even accepting those allegations that are reasonably specific and not contradicted by the record as true, a reasonably diligent person in movant's circumstances would have discovered at the latest in March 2008 that no appeal had been filed. A diligent person would have then filed his §2255 motion within a year thereof, which was not done.

In Aron, the Eleventh Circuit considered whether an evidentiary hearing was warranted on the issue of whether movant had exercised due diligence in discovering that his attorney had failed to appeal his sentence.  In that case, counsel had in fact filed a direct appeal.  Aron, 291 F.3d at 710-11.  The movant alleged, however, that he did not learn that his lawyer had not appealed the sentence until he eventually received a copy of the brief that had been filed. Id. at 710, 712.  The movant admitted that he received a copy of the opinion affirming his conviction, but alleged that the opinion did not indicate what grounds had been raised on appeal.  Id. at 714.  Movant alleged that he therefore

7

filed a motion directly with the Eleventh Circuit to determine what grounds had been raised and that, in response, the Court stated that it could not accept pro se filings from movant because he was represented by counsel.  Id.  The Eleventh Circuit concluded that, based on those specific uncontradicted allegations, an evidentiary hearing was warranted because, if proven, they could entitle the movant to relief.  Id. at 710, 715.  Significant factors in Aron, therefore, were that the movant made independent efforts to pursue his rights, and that he was faced with an allegedly unresponsive attorney of record that was an impediment to discovering the basis of his claim.  See, Id. at 714.[5]

Further, in Anjulo-Lopez, the Sixth Circuit considered whether an evidentiary hearing was warranted on the issue of whether movant had exercised due diligence in discovering that his attorney had failed to file a direct appeal, and specifically relied on the Eleventh Circuit's decision in Aron.  Arjulo-Lopez, 541 F.3d at 818 (citing Aron for the proposition that due diligence requires some reasonable efforts to discover the facts supporting his claims).  In Arjulo-Lopez, no direct appeal was ever filed.  Id. at 815, 819.  The movant alleged that his motion was timely because, among other things, he was unable to communicate with anyone due to prison transfers during the first five months after his sentencing, that he believed he was supposed to wait to hear from his attorney about his appeal, and that his lack of the English language and inadequate access to the prison library prevented him filing a

---

[5]Similarly, in the context of whether a prisoner had exercised the due diligence required to justify equitable tolling of the one-year limitations period under §2244(d)(1)(A), the Supreme Court found it significant that, when faced with an unresponsive attorney of record that the petitioner feared was not protecting his rights, the petitioner contacted the state courts, their clerk and the state bar, and attempted to submit his own pro se filings.  See, Holland v. Florida, ___ U.S. ___, 130 S.Ct. 2549, 2565 (June 14, 2010).

8

timely motion. Id. at 816, 818. The Court concluded that, based on those allegations, no evidentiary hearing was warranted because they were "not indicative of a reasonably diligent quest for information." Id. at 818. In reaching its conclusion, the Court found it significant that the movant had not explained why he was allegedly unable to communicate with anyone, that he had not described any thwarted attempts to check on the status of his appeal, that the fact that no appeal had been filed was a matter of public record and, that when the movant finally did inquire, he easily obtained the information. Id. at 818-19.

Here the movant's allegations are much more akin to those in Anjulo-Lopez than to those in Aron or Holland. As previously narrated in this Report, nothing impeded movant from acting independently or gathering information about the status of his appeal. Further, even accepting movant's allegations as true, nothing precluded him from filing a §2255 motion as of March 2008, when he allegedly sent counsel his third letter inquiring as to the status of his appeal. Yet despite this knowledge, rather than file the §2255 motion, the movant instead did nothing but write letters to reconfirm what he already knew, to-wit, that no appeal had been filed. The movant, by his own actions, delayed taking the appropriate steps to filing a timely §2255 motion. The movant admits he was concerned with the situation and counsel's unresponsiveness, but rather than act diligently in filing a §2255, he chose to go a different course to his own detriment.

In sum, movant's allegations are not indicative of a "reasonably diligent quest for information." Anjulo-Lopez, 541 F.3d at 818. The relevant question is, therefore, when movant reasonably *could* have discovered in the exercise of due diligence

that no appeal had been filed. Aron, 291 F.3d at 711. For the reasons set forth above, even accepting movant's allegations and submissions as true, the record reflects that a reasonably diligent person in movant's circumstances, could have discovered that as of March 2008, no appeal had been filed. As such, he could have filed this §2255 motion, alleging ineffectiveness of counsel for failure to file an appeal at the latest by March 2009. He did not do so and is therefore time-barred. Thus, equitable tolling should not be applied to this case.

With the passage of the Antiterrorism and Effective Death Penalty Act, litigants must be attentive to the time limitations for filing a motion to vacate, and make diligent efforts to file the motion within one year from the time their convictions become final. United States v. Trenkler, 268 F.3d 16, 24-27 (1st Cir. 2001); United States v. Prescott, 221 F.3d 686, 687-689 (4 Cir. 2000)(pending motion for new trial after finality of direct review does not toll AEDPA's statute of limitations); O'Connor v. United States, 133 F.3d 548 (7 Cir. 1998); Johnson v. United States, 246 F.3d 655 (6 Cir. 2001); United States v. Norris, 2000 WL 521482 (DC Cir. 2000); United States v. Chambers, 126 F.Supp.2d 1052 (E.D. Michigan 2000). The movant has failed to establish that he acted diligently in pursuing the filing of this motion.

In conclusion, the movant has not demonstrated that he diligently pursued filing of this motion to vacate within one year from the time his convictions became final. The timebar is ultimately the result of the movant's failure to properly and timely prosecute this federal habeas corpus petition.

Finally, if the movant means to argue that he is entitled to equitable tolling because he is an unskilled layperson with limited a educational background who is unfamiliar with the law, this argument, however, does not excuse the movant from the applicable time limitations. Mere ignorance of the law or lack of knowledge of filing deadlines does not justify equitable tolling of AEDPA's limitation period. See Felder v. Johnson, 204 F.3d 168, 172-73 & n. 10 (5th Cir. 2000)(citing cases), cert. denied, 531 U.S. 1035 (2000)(holding that ignorance of law and pro se status are insufficient to toll statute of limitations); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999); United States v. Flores, 981 F.2d 231, 236 (5th Cir.1993)(holding pro se status, illiteracy, deafness, and lack of legal training are not external factors excusing abuse of the writ); Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir. 1986)(illiteracy of pro se petitioner not sufficient cause to avoid procedural bar); Barrow v. New Orleans S.S. Ass'n, 932 F.2d 473, 478 (5th Cir. 1991)(holding equitable tolling of limitations period within the Age Discrimination in Employment Act was not warranted by plaintiff's unfamiliarity with legal process, his lack of representation, or his ignorance of his legal rights).

It is therefore recommended that this motion to vacate be dismissed or in the alternative, time-barred, and the case closed.[6]

---

[6] It should be noted that arguments not raised by the movant during this collateral proceeding before a magistrate judge cannot thereafter be raised for the first time in objections to a Report and Recommendation. See Starks v. United States, 2010 WL 4192875 at *3 (S.D. Fla. 2010); United States v. Cadieux, 324 F.Supp. 2d 168 (D.Me. 2004). "Parties must take before the magistrate, 'not only their best shot but all of the shots.'" Borden v. Sec'y of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987)(qouting Singh v. Superintending Sch. Comm., 593 F.Supp. 1315, 1318 (D.Me. 1984)).

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Signed this 24TH day of March, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Derrick Cruichshank, Pro Se
Reg. No. 75576-004
FCC - Coleman (Medium)
P.O. Box 1032
Miami, FL 33521

Nancy Vorpe Quinlan, AUSA
United States Attorney's Office
500 South Australian Avenue
Suite 400
West Palm Beach, FL 33401

Anne Ruth Schultz, AUSA
United States Attorney's Office
99 NE 4th Street
Miami, FL 33132