UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-22899-CIV-MIDDLEBROOKS/WHITE
(06-80085-CR-MIDDLEBROOKS)

**DERRICK CRUICHSHANK,**
    Movant,

v.

**UNITED STATES OF AMERICA,**
    Respondent.
_____/

## ORDER ADOPTING REPORT & RECOMMENDATION

THIS CAUSE comes before the Court upon Derrick Cruichshank's ("Cruichshank" or "Defendant") *pro se* Motion to Vacate, Correct, or Set Aside Sentence pursuant to 28 U.S.C. § 2255 ("Motion") (DE 1), filed on August 5, 2010.

On July 3, 2006, Mr. Cruichshank pled guilty to one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1), a crime punishable by up to 10 years in prison. (Cr-DE 28). On September 14, 2006, this Court sentenced Cruichshank to 120-months imprisonment, to be followed by three years of supervised release. (Cr-DE 33). The Defendant did not directly appeal his conviction.

Nearly four years later, Defendant filed the instant Motion to Vacate. (DE 1). In this Motion, Mr. Cruichshank argues that the legal counsel he received was constitutionally deficient. (*Id.* at 4). Specifically, he alleges that he communicated to trial counsel a desire to appeal his sentence only to be ignored, and that this amounts to *per se* ineffective assistance of counsel. (*Id.* at 4-6). In support of his Motion, Mr. Cruichshank submits a series of letters he allegedly sent to his counsel between November 2006 and March 2008 inquiring about the status of his appeal, to which he received no response. (*Id.* at 9-11).

Magistrate Judge Patrick A. White has reviewed Mr. Cruichshank's Motion and

accompanying exhibits and the Government's Answer (DE 10) and has issued a Report & Recommendation ("R&R") (DE 11) advising that Mr. Cruichshank's Motion be denied. Judge White reasons that denial of the Defendant's Motion is appropriate because it was not filed within the one-year limitations period set by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), and because there are no circumstances warranting tolling of the statute of limitations until August 2010, when Cruichshank's Motion was ultimately filed. (*Id.* at 10). Judge White also concludes that denial is required because the Movant has failed to verify his Motion as required by Federal Rules Governing Section 2255 Proceedings and by Order of this Court. (*Id.* at 2).

Having reviewed Judge White's R&R, Movant's Objections (DE 12), the briefs, and pertinent portions of the underlying criminal record, and being duly advised in the premises, I agree that Cruichshank's Motion should be denied for the reasons stated by Judge White.

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Magistrate Judge White's R&R (DE 11) is **RATIFIED, ADOPTED, AND APPROVED** in its entirety. It is further

**ORDERED AND ADJUDGED** that Mr. Cruichshank's Motion to Vacate pursuant to 28 U.S.C. § 2255 (DE 1) is **DENIED**. The Clerk of Court is instructed to **CLOSE THIS CASE**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this __14__ day of April, 2010.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

cc: Derrick Cruichshank, *pro se*
Reg. No. 75576-004
FCC Coleman
P.O. Box 1032
Coleman, FL 33521